IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MELVIN L. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-1331-GMS |
| | ) | |
| DAVID PIERCE, Warden, and | ) | |
| ATTORNEY GENERAL OF | ) | |
| THE STATE OF DELAWARE, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM**

## I. BACKGROUND

In July 2006, a Delaware Superior Court jury found petitioner Melvin L. Williams ("Williams") guilty of first degree murder, possession of a firearm during the commission of a felony ("PFDCF"), and possession of a deadly weapon by a person prohibited ("PDWBPP"). In September 2006, the Superior Court sentenced Williams to life imprisonment for the murder conviction; fifteen years of incarceration (three mandatory) for the PFDCF conviction; and eight years of incarceration (three mandatory) suspended after three years for probation for the PDWBPP conviction. Williams appealed, and the Delaware Supreme Court affirmed his convictions and sentences on March 28, 2007. *Williams v. State*, 922 A.2d 416 (Table), 2007 WL 914579 (Del. Mar. 28, 2007).

On March 25, 2008, while represented by counsel, Williams filed a motion for state post-conviction relief pursuant to Delaware Superior Court Rule 61 ("Rule 61 motion"), alleging ineffective assistance of counsel. The Superior Court denied the motion in May 2009, and the Delaware Supreme Court affirmed that decision on December 2, 2009. *See State v. Williams*,

2009 WL 6529205, at *4 (Del. Super. Ct. May 28, 2009); *Williams v. State*, 985 A.2d 391 (Table), 2009 WL 4351700 (Del. Dec. 2, 2009).

In 2010, Williams filed a federal habeas petition challenging his 2006 convictions, which the court denied as time-barred. *See Williams v. Phelps*, 2013 WL 2149641 (D. Del. May 15, 2013). In 2014, Williams filed the habeas petition presently pending before the court. (D.I. 1)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2244(b)(1), if a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002). A habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003).

## III. DISCUSSION

Williams concedes that the instant petition is his second habeas challenge to his 2006 convictions for first degree murder, PFDCF, and PDWBPP. (D.I. 3) The petition contains two claims alleging that there was insufficient evidence to support his convictions (D.I. 1 at 1-7), and Williams also states that he was "set up" and wrongfully convicted for someone else's crime (D.I. 3 at 1). Williams raised an insufficient evidence argument in his first petition, and the court's dismissal of that petition as time-barred constitutes an adjudication on the merits. *See*

*Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005)(holding that the dismissal of a § 2254 petition as time barred constitutes an adjudication on the merits for successive purposes); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003)(holding that "a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims"). Therefore, the instant petition constitutes a second or successive habeas petition for § 2244 purposes.

The record reveals that Williams did not obtain permission from the Third Circuit Court of Appeals to file the instant petition. Accordingly, the court will dismiss the petition for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139. The court will also decline to issue a certificate of appealability because Williams has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

## IV.  CONCLUSION

For the aforementioned reasons, the court will deny Williams' § 2254 petition for lack of jurisdiction because it constitutes a second or successive habeas petition under 28 U.S.C. § 2244. A separate order will be entered.

April 15, 2016
DATE

UNITED STATES DISTRICT JUDGE